STRAUGHAN & CHAPIN, Administrators *de bonis non* of Josiah Tysor, v. MISSOURI TYSOR, widow, and H. D. TYSOR *et als*, heirs-at-law of Josiah Tysor.

(Decided March 21, 1899).

*Possession—Title—Joint Occupancy—Tenancy in Common.*

Joint occupancy by members of the same family does not constitute tenancy in common, when the title is in one only. Possession is implied from title in the absence of proof to the contrary, and accompanies the title.

SPECIAL PROCEEDING to sell land for assets, transferred from the Clerk of CHATHAM Superior Court and heard before *Robinson, J.,* at February Term, 1898.

The defendants, other than the widow, were the heirs-at-law of Josiah Tysor, and in their answer allege that they were tenants in common with the intestate of plaintiffs, oppose the sale by the plaintiffs and ask for a sale by a commissioner for purpose of partition, and that the share of each be alloted in the proceeds of sale.

The widow files no answer—the sale asked for by the plaintiffs being subject to her right of dower.

The plaintiffs read in evidence a deed in fee simple for the land described in the complaint, to the intestate, Josiah Ty-

son, from his uncle, Harris Tysor, executed on June 18, 1868, and registered July 27, 1881.

It was in evidence that Dennis Tysor, father of the intestate, and of the defendants, brother and sisters of the intestate, lived on this place about forty years, until his death about 26 years ago, and raised his children there. Their mother lived there until her death, some 14 years ago; she did not claim nor have any dower assigned. The defendant H. D. Tysor left the place some few weeks before his father's death. The sisters remained there with Josiah Tysor until they married off. Josiah Tysor had lived there all his life and died in 1896, leaving a widow, but no children, and she lives there now. His brother and sisters, defendants, are his heirs-at-law.

The only paper title read in evidence was the deed to Josiah Tysor from his uncle, Harris Tysor.

His Honor charged the jury upon the evidence that Josiah Tysor died sole, seized and possessed, and that he was not a tenant in common with his brother and sisters, defendants. They excepted. Verdict and judgment for plaintiffs. Appeal by defendants.

*Mr. T. H. Calvert,* for defendants (appellants).

*Messrs. H. A. London* and *Womack & Hayes,* for plaintiffs.

FAIRCLOTH, C. J. This is a petition filed before the Clerk by plaintiffs, as administrators, *d. b. n.,* of Josiah Tysor, against the defendants, the widow and brother and sisters of said Josiah, for the purpose of selling land for assets. The plaintiffs allege that their intestate died in 1896 seized and possessed of the land described in the petition. The defendants, except the widow, answer and aver that they

were tenants in common with said intestate. On the trial of this issue in the Superior Court, "Was the plaintiffs' intestate seized and possessed in severalty of the lands described in the complaint at the time of his death?" his Honor instructed the jury that if they believed the evidence, to answer the issue "Yes," which they did, and judgment was entered directing that the sale proceed and that the commissioners to sell make their report to the Clerk.

The plaintiffs introduced as evidence a deed, proper in form, to convey title to their intestate from his uncle, Harris Tysor, dated and delivered in June, 1868, and proved that their intestate lived on said land until his death in 1896, and that no one else ever cultivated the land or had anything to do with it.

The defendants proved that Dennis Tysor, father of plaintiffs' intestate and defendants, formerly lived on this land and that after the death of Dennis his widow, daughters and said Josiah lived on the land until the daughters were married. This was the evidence. There is no question of ouster or adverse possession in the case. The defendants have shown no title from any source, but simply occupation with their brother Josiah until they married. They asserted no claim until this action was instituted. The plaintiffs show title, color of title, and possession in their intestate, and that he alone exercised ownership by cultivation, etc., until his death, covering a period of more than twenty-six years after the date of his deed.

On the principle that possession is implied from title, in the absence of any adverse claim, until the contrary is shown, we hold that the plaintiffs' intestate was not only seized but was possessed of the land in dispute and covered by plaintiffs' deed, and that no error was committed by the Court below.

Affirmed.